ERIC GRANT
United States Attorney
DAVID W. SPENCER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABEL VARGAS BARRERA,<br><br>Defendant. | CASE NO. 2:26-CR-218-JAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER<br><br>DATE: November 18, 2026<br>TIME: 2:00 p.m.<br>COURT: Hon. Jeremy D. Peterson |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for arraignment on November 18, 2026.

2. By this stipulation, defendant now moves to continue the arraignment until November 24, 2026, and to exclude time between November 17, 2026, and November 24, 2026, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The parties filed a stipulation requesting entry of a protective order regulating discovery on November 17, 2026. *See* ECF 18. Once a protective order has been signed, the government will produce discovery consisting of reports, photographs, video and audio recordings, and other materials.

b) Counsel for defendant desires additional time to review the discovery, confer with her client regarding his options for responding to the charges, conduct factual investigation and legal research, and otherwise prepare for trial. In addition, defense counsel requests continuance of the arraignment to facilitate defendant's transport from his in-patient drug treatment facility in Fresno to Court in Sacramento.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 17, 2026 to November 24, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: November 17, 2026

ERIC GRANT
United States Attorney

/s/ DAVID W. SPENCER
DAVID W. SPENCER
Assistant United States Attorney

Dated: November 17, 2026

/s/ Dina Santos
Dina Santos
Counsel for Defendant
ABEL VARGAS BARRERA

**~~[PROPOSED]~~ ORDER**

IT IS SO FOUND AND ORDERED this _17th___ day of November, 2026.

THE HONORABLE CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE